**E-FILED**
Monday, 07 June, 2010  11:11:01 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ELEANOR CLEMENT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-1041 |
| | ) | |
| FCI PEKIN, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus filed by Petitioner on February 19, 2010 (Doc. 1).    The Petition is TAKEN UNDER ADVISEMENT.

The Petition was initially filed without a filing fee and without a Motion to Proceed in forma pauperis.  Petitioner was informed of the omission and has now paid the necessary filing fee.   Therefore, pursuant to Rule 4 of the Rules governing § 2254 Petitions, which apply to this § 2241 Petition pursuant to Rule 1, this Court shall conduct a preliminary review to determine whether the Petition has merit.

 Petitioner alleges that she was subject to loss of good time credit as a result of an administrative disciplinary hearing that took place on January 10, 2008. The hearing was a result of an incident that took place on December 14, 2007 wherein Petitioner was involved in a physical altercation with another inmate.  Petitioner states that her rights were violated because "the hearing officer did not explain to Eleanor Clement the loss of good days or good time" and that she was only notified

on August 11, 2009 of the loss of 27 days of good time credit. Petitioner does not specify which constitutional right was infringed by the prison's failure to timely notify Petitioner that she lost good time credit. However, a liberal reading of the Petition, *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), reveals that Petitioner may be asserting that she was not informed of the disciplinary action that was taken. The Due Process Clause of the Fifth Amendment requires that Petitioner be given "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *See Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). The Court therefore finds that there may be some merit to Petitioner's claim.

IT IS THEREFORE ORDERED:

1. The Clerk is directed to serve a copy of the Petition and this Order by certified mail upon Respondent and the U.S. Attorney for the Central District of Illinois.

2. Respondent SHALL file an answer or responsive pleading within sixty (60) days after service of the Petition and this Order. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally defaulted. In addition, Respondent should address the merits of Petitioner's constitutional claims and otherwise fully comply with Rule 5 of the Rules Governing Habeas Corpus Petitions. Petitioner may respond to the answer or responsive pleading within thirty (30) days of service.

3. Finally, Petitioner shall serve upon Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this <u>7th</u> day of June, 2010

                                       s/ Joe B. McDade
                                       JOE BILLY MCDADE
                         Senior United States District Judge