# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ELEANOR CLEMENT, | ) |
| Petitioner, | ) |
| v. | ) Case No. 10-cv-1041 |
| RICARDO RIOS, | ) |
| Respondent. | ) |

## O P I N I O N and O R D E R

Before the Court is the Petition for a Writ of Habeas Corpus (Doc. 1) and a Motion to Withdraw Detainer (Doc. 9) filed by Petitioner and Respondent's responses (Docs. 8 and 10). The Petition is DENIED WITHOUT PREJUDICE and the Motion is DENIED AS MOOT.

### BACKGROUND

Petitioner currently is housed at the Pekin Federal Prison Camp and challenges the deprivation of 27 days of good conduct credit in connection with a disciplinary hearing held on January 10, 2008. Petitioner states that she was first notified of this loss of credit on August 11, 2009 and that she has exhausted all of her administrative remedies.

The disciplinary action that forms the basis of Petitioner's claim occurred while she was housed at the Federal Detention Center in Philadelphia, Pennsylvania. According to an incident report attached to the Petition, Petitioner

was fighting with another person and refused to obey the orders of a correctional officer on December 14, 2007.

According to documents attached to Respondent's response, the matter was referred to the Disciplinary Hearing Officer (DHO) who held a hearing on January 2, 2008. According to the subsequent report:

> The inmate was advised of her rights at the DHO Hearing and stated she was ready to proceed. The inmate had no documentation to present at the DHO Hearing. After being read the incident report by the DHO the inmate stated, We were arguing about exchange. [Officer] Akano told us to stop arguing. We did. Later [inmate] Miles called me over. I went and then she hit me. We fought, it was early to fight. Inmate made no complaints about procedural errors. (Doc. 8-1, p. 5).

In its findings, the DHO indicated that Petitioner committed the prohibited act of fighting with another person and based its decision on the observations of Correctional Officer K. Akano, who reported the incident. The DHO imposed the sentence of 30 days of segregation and the loss of 27 days of good conduct credit. The report further indicates that Petitioner was informed of her rights and that she was given a copy of the report indicating the punishment meted. Respondent also has provided the declaration of Ann Marie Poppas who states that, as the Captain's Secretary, she distributed the DHO Report to Petitioner on January 10, 2008. (Doc. 8-1, p. 4).

Also attached to the Petition is a response from the Central Office's (CO) Administrative Remedy Coordinator. Petitioner appealed the DHO decision and the appeal was received by the CO on September 21, 2009. The appeal was rejected as untimely because it was received beyond the 20 days provided by regulations.

Petitioner's only argument before this Court is that she was not notified of the DHO's decision until August 11, 2009, some 19 months after the decision was rendered. Her argument is supported by her affidavit indicating that the statements made in her Petition are true and correct.

**DISCUSSION**

Among the rights afforded an inmate during a disciplinary proceeding are the right to advanced written notice of the charges against her, the opportunity to call witnesses and present evidence, "a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action," and findings that are supported by "some evidence in the record." *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445, 454 (1985). *Wolff v. McDonnell*, 418 U.S. 539, 563-567 (1974). These items must be afforded an inmate in order to comport with the Due Process Clause. *Wolff*, 418 U.S. at 556, 563-564. The purpose of providing the written statement to Petitioner indicating the reasons for the decision and the action taken are informative and to start the clock running on any appeal that may be taken. *See* 28 C.F.R. § 542.14(d)(2) (stating that appeals of a DHO decision should be filed with the Regional Director); § 542.15 (noting a 20 day time period within which to file an appeal).[1] If Petitioner is not afforded a copy

---

[1] An appeal next lies (and ends) with the General Counsel and must be filed within 30 days of the Regional Director's response. 28 C.F.R. § 542.15(a). In this case, Petitioner's appeal to the Regional Director was rejected by the Administrative Remedy Coordinator at the General Office because it was untimely. Petitioner was granted 15 days to resubmit her appeal in order to show proof of when she received notice of the loss of good conduct credit. *See* 28 C.F.R. § 542.17. There is no indication in the record that Petitioner submitted such proof to the Regional Director.

of the reasons for the disciplinary action and the penalty imposed, she would be hard-pressed to file an appeal and state the reasons for dissatisfaction with the judgment of the DHO.

A close reading of the Petition, however, does not reveal a constitutional violation. Petitioner states that her rights were violated because "the hearing officer did not explain to Eleanor Clement the loss of good days or good time. On August 11, 2009, was the first notification to Ms. Clement that she was sanctioned the loss of 27 days GCT." Thus, Petitioner is not complaining that she did not receive a written copy of the DHO's report but rather that she was not *orally and specifically* informed of the loss of good conduct credit at the DHO hearing. Petitioner is only entitled to a written statement of the DHO's decision, the basis of that decision, and the sanctions imposed, all of which were included in the DHO's report dated January 7, 2008. Moreover, Ms. Poppas signed the DHO report as an indication that she delivered the report to Petitioner on January 10, 2008. There is no due process violation in this procedure.

Even if the Petition were to be construed as a complaint that Petitioner did not receive written notification of the DHO's decision, her claim still would fail. Arguably, the Court has been presented with two contrary statements of fact: Petitioner avers that she did not receive notice of the DHO's decision and Ann Marie Poppas declares that she did provide Petitioner with the DHO's report. If Petitioner's statement is credited, Respondent violated her Due Process Rights by failing to inform her of the DHO's decision in writing. Moreover, if Petitioner's

statement is credited, Respondent's arguments that Petitioner failed to timely appeal the decision of the DHO, and that her claim is without merit, would be unavailing. If, on the other hand, Ms. Poppas' declaration is credited, there is no Due Process violation and the Petition would be denied. These contrary statements would ordinarily require an evidentiary hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases (which apply to this § 2241 Petition).

However, there is a difference between failing to timely appeal the DHO's decision and failing to exhaust administrative remedies. By her own admission, Petitioner did find out about the loss of good conduct credit on August 11, 2009. At which point, she attempted to appeal the decision. The appeal was rejected as untimely; however, Petitioner was given the opportunity to resubmit with proof of when she received the DHO Report. Such proof could have necessarily been in the form of an affidavit attesting to the fact that she never did receive such a report. Instead of providing such proof, Petitioner instead elected to file suit in this Court.

Prior to filing suit in federal court, an inmate must exhaust her administrative remedies, to their conclusion; and, if she fails to exhaust such remedies, she must provide cause and prejudice for the failure. *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986); *See also Richmond v. Scibana* . While Petitioner did appeal the DHO's decision to the Regional Director, the appeal was rejected *with leave to refile within 15 days with the necessary proof*. Petitioner failed to refile her appeal and further failed to file a subsequent appeal with the General Counsel. There is no showing that such an appeal would have been futile, Petitioner has

5

shown no cause for failing to exhaust her remedies, nor has she shown any prejudice that would result if she is required to exhaust her remedies.

Entered this <u>26th</u> day of January, 2011

<u>  s/ Joe B. McDade  </u>  
JOE BILLY MCDADE  
Senior United States District Judge